UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES BERNARD TRUMAN (#291926)　　　　　　　　　　　　CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.　　　　　　　　　　　　　　　　　16-339-JWD-RLB

## ORDER

Before the Court are the Plaintiff's *Motion for Temporary Restraining Order and Preliminary Injunction*[1] and *Motion to Compel the Court*.[2]

The Plaintiff, a state prisoner currently confined at Louisiana State Penitentiary (LSP), filed this civil action pursuant to 42 U.S.C. § 1983. He named as Defendants James LeBlanc, Darrel Vannoy, Stephanie Lamartiere, Trish Foster, Sandra Sibley, Dr. Randy Lavespere, Dr. John Doe, Dr. Helms, Doctor Bliss, Doctor Perron, Doctor George Smith, and the Louisiana Department of Public Safety and Corrections. In the *Complaint*,[3] the Plaintiff claims that he has been denied adequate medical care for degenerative arthritis in his foot and ankle.

In connection with his *Complaint*, the Plaintiff filed a *Motion for Temporary Restraining Order and Preliminary Injunction* and *Motion to Compel the Court*, wherein the Plaintiff offers additional information in support of his *Motion for Temporary Restraining Order and Preliminary Injunction*. Despite his request for a temporary

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 18.
[3] Rec. Doc. 1.

restraining order, his motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order.[4]

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest.[5]  He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.[6]

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites.[7]  As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."[8]  The Plaintiff has not established that the extraordinary remedy is warranted in this case.

On the record before the Court, it appears that the Plaintiff was transferred to LSP on October 6, 2014 and, after numerous sick calls, self-declared emergencies,

---

[4] *Neal v. Federal Bureau of Prisons*, 76 Fed. App'x 543, 545 (5th Cir. 2003).
[5] See *Valley v. Rapides Parish School Board*, 118 F.3d 1047, 1051 (5th Cir. 1997); see also *Ingebresten v. Jackson Public School District*, 88 F.3d 274, 278 (5th Cir. 1996); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).
[6] See *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).
[7] See, e.g., *Cherokee Pump & Equipment Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).
[8] *Id.*; see also *House the Homeless, Inc. v. Widnall*, 94 F.3d 176, 180 (5th Cir.1996).

examinations including x-rays, and treatment in the form of injections, the Plaintiff was referred to the LSU Orthopedic Clinic on March 6, 2015. However, there was a backlog at the LSU Orthopedic Clinic. In the meantime, the Plaintiff was seen by Orthopedics at LSP, a CT scan was performed, additional shots were administered, and medications for pain were prescribed.[9]

In May of 2016, the Plaintiff was transported to the LSU Orthopedic Clinic and surgery was performed on August 5, 2016. The Plaintiff was discharged back to LSP on August 6, 2016. He was reassessed at LSU on August 11, 18, and 25, 2016. Since being discharged back to LSP, the Plaintiff has refused to allow the physicians at LSP to treat or examine him. Rather, the Plaintiff seeks an injunction requiring the Defendants to facilitate follow up care and physical therapy at LSU rather than LSP.[10]

The undersigned simply cannot say that there is a substantial likelihood that the Plaintiff will ultimately succeed on the merits of his inadequate medical care claim. It is doubtful that Plaintiff can establish deliberate indifference under the facts as alleged. If an inmate has, in fact, received medical treatment, federal constitutional protections are not violated just because that treatment was unsuccessful or because pain persisted despite the treatment.[11] The Plaintiff's assertion that more could be done for him, and with greater alacrity, is of little importance. Absent exceptional circumstances, a prisoner's disagreement with his medical treatment simply does not constitute deliberate

---

[9] *See* Rec. Doc. 1 and the exhibits attached thereto.
[10] *See* Rec. Docs. 18, 20, 21, and 22.
[11] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

indifference.[12] Furthermore, the Plaintiff is not entitled to treatment by medical providers of his choice,[13] nor is he entitled to the best possible medical care that may be available.[14]

Additionally, should the Plaintiff's claims regarding his medical treatment be meritorious, appropriate relief may be awarded or obtained at trial. As such, the Plaintiff has failed to show that he is entitled to a preliminary injunction. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motions[15] are **DENIED**.

Baton Rouge, Louisiana the 14 day of September, 2016.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[12] *Gobert*, 463 F.3d at 346.
[13] See *Terrell v. Mertz*, 2015 WL 5475219, *3 (S.D. Miss. Sept. 17, 2015).
[14] See *Mayweather v. Foti*, 958 F.2d 91(5th Cir. 1992); and *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).
[15] Rec. Docs. 3 and 18.