# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JAMES BERNARD TRUMAN (#291926)**             **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**             **16-339-JWD-RLB**

## ORDER

Before the Court are the Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (R. Docs. 39, 41, and 43).

The Plaintiff, a state prisoner currently confined at Louisiana State Penitentiary (LSP), filed this civil action pursuant to 42 U.S.C. § 1983. He named as Defendants James LeBlanc, Darrel Vannoy, Stephanie Lamartiere, Trish Foster, Sandra Sibley, Dr. Randy Lavespere, Dr. John Doe, Dr. Helms, Doctor Bliss, Doctor Perron, Doctor George Smith, and the Louisiana Department of Public Safety and Corrections. In the Complaint (R. Doc. 1) the Plaintiff claims that he has been denied adequate medical care for degenerative arthritis in his foot and ankle.

In connection with his Complaint, the Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 3) and Motion to Compel the Court (R. Doc. 18), which were denied. *See* R. Doc. 23. The plaintiff is again seeking a temporary restraining order and a preliminary injunction. Despite his request for a temporary restraining order, his motions must be construed solely as ones for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order.[1]

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial

---

[1] *Neal v. Federal Bureau of Prisons*, 76 Fed. App'x 543, 545 (5th Cir. 2003).

likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest.[2] He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.[3]

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites.[4] As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."[5] The Plaintiff has not established that the extraordinary remedy is warranted in this case.

On the record before the Court, it appears that the Plaintiff was transferred to LSP on October 6, 2014 and, after numerous sick calls, self-declared emergencies, examinations including x-rays, and treatment in the form of injections, the Plaintiff was referred to the LSU Orthopedic Clinic on March 6, 2015. However, there was a backlog at the LSU Orthopedic Clinic. In the meantime, the Plaintiff was seen by Orthopedics at LSP, a CT scan was performed, additional shots were administered, and medications for pain were prescribed.[6]

In May of 2016, the Plaintiff was transported to the LSU Orthopedic Clinic and surgery was performed on August 5, 2016. The Plaintiff was discharged back to LSP on August 6, 2016. He was reassessed at LSU on August 11, 18, and 25, 2016. Since being discharged back to LSP, the Plaintiff has refused to allow the physicians at LSP to treat or examine him. The plaintiff's

---

[2] See *Valley v. Rapides Parish School Board*, 118 F.3d 1047, 1051 (5th Cir. 1997); see also *Ingebresten v. Jackson Public School District*, 88 F.3d 274, 278 (5th Cir. 1996); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).
[3] See *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).
[4] See, e.g., *Cherokee Pump & Equipment Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).
[5] *Id.*; see also *House the Homeless, Inc. v. Widnall*, 94 F.3d 176, 180 (5th Cir.1996).
[6] *See* Rec. Doc. 1 and the exhibits attached thereto.

instant Motions evidence his continued refusal to be treated by the physicians at LSP. Rather, the Plaintiff seeks an injunction requiring the Defendants to arrange for an examination and a plan or treatment by a qualified specialist, and for the Defendant to carry out the plan of treatment.

The relief sought by the Plaintiff in his Motions is generally co-extensive with the relief sought in his Complaint. As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case.[7] Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the Plaintiff's Motions should be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

As previously noted by the Court, on the record before the Court, there is not a substantial likelihood that the Plaintiff will ultimately succeed on the merits of his inadequate medical care claim. It is doubtful that Plaintiff can establish deliberate indifference under the facts as alleged. If an inmate has, in fact, received medical treatment, federal constitutional protections are not violated just because that treatment was unsuccessful or because pain persisted despite the treatment.[8] The Plaintiff's assertion that more could be done for him, and with greater alacrity, is of little importance. Absent exceptional circumstances, a prisoner's disagreement with his medical treatment simply does not constitute deliberate indifference.[9] Furthermore, the Plaintiff is not entitled to treatment by medical providers of his choice,[10] nor is he entitled to the best possible medical care that may be available.[11]

---

[7] See generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985).
[8] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).
[9] *Gobert*, 463 F.3d at 346.
[10] See *Terrell v. Mertz*, 2015 WL 5475219, *3 (S.D. Miss. Sept. 17, 2015).
[11] See *Mayweather v. Foti*, 958 F.2d 91(5th Cir. 1992); and *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).

Additionally, should the Plaintiff's claims regarding his medical treatment be meritorious, appropriate relief may be awarded or obtained at trial. As such, the Plaintiff has failed to show that he is entitled to a preliminary injunction. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motions (R. Docs. 39, 41, and 43) are **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>May 2, 2017</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**